Mr. Gilmour appeals the decision of the Court of Appeals for Veterans Claims which rejected the applicability in his claim for an earlier effective date of 38 CFR 3.157. The court below erroneously relied upon a concurring opinion in the Sears case below in which the court affirmed the board's decision by concluding that Mr. Gilmour's suggested regulatory revision would be inconsistent with section 5110A which prohibits an effective date for a reopen claim earlier than the date of the claim to reopen. The problem with that, Your Honor, is that that concurring opinion by Judge Steinberg did not address the fact that 3.157B was an interpretation by the VA of that statute, 38 USC 5110A. 5110A is the effective date statute and this regulation creates an exception to the language that was referred to by Judge Steinberg in the question of whether it was inconsistent with the language of 5110A about reopen claims. Reopen claims generally are not allowed an effective date earlier than the date of the claim to reopen. However, this regulation recognizes that when there are VA medical records which exist, which are created after an initial denial and there has been a subsequent award of service connection, that under the plain language of this regulation, it applies both to claims for increase and claims to reopen. The title of this regulation at 3.157B, excuse me, 3.157 is that it applies both to claims for increase and claims to reopen. In subsection A, it expressly refers to claims for increase and claims to reopen. The problem is created when there is language used in an alternative explanation in 3.157B which refers to a formal claim for compensation which has been disallowed based upon a service-connected disability which is not compensable. That, however, Your Honors, is not a claim to reopen, notwithstanding the fact that the regulation uses that phraseology. When a claim has been granted at a non-compensable rating, you do not reopen the claim. You determine that there is an entitlement to an increased compensation. And so that portion of the regulation in the first OR applies to a specific circumstance described. How would you distinguish McPhee versus Nicholson? In McPhee versus Nicholson, Your Honor, that was a question dealing with the increased portion of this regulation, not reopening. And more importantly, it is a claim in McPhee that dealt with a 3.3110 claim for secondary compensation. The holding in McPhee was that you could not apply 3.157 to a claim for secondary compensation if secondary compensation had never been granted in the first instance. But, Counselor, I quote the language from McPhee. Any such informal claim must be for a condition that not only has been the subject of a prior claim, but the condition must also have been previously found to be service-connected. That's right, Your Honor. And in this case, that is the facts in this case. This case was previously found to be service-connected. It is not until this claim is service-connected as a result of his 2002 claim that he is able to take advantage of 3.157B. That is the first phrase that described once a claim for compensation has been allowed. That's what happened here. This is the application of 5110A in the context of reopening a claim that has been previously denied by use of the narrow exception. Maybe I'm just missing something. So are you saying that McPhee applies because the date on which we determine whether or not there was a service connection is not the date that you're alleging this informal claim was filed, but the more recent service connection? That's correct, Your Honor. And that is the precise language of 3.157B when in its first phrase it describes once a formal claim for compensation has been allowed. And that's what happened here. There has been an allowance of a formal claim for compensation. And then it goes on to describe when you are able to use an informal claim to establish an earlier effective date. I think others have assumed that reading the regulation means that the formal claim or the claim of service connection have preceded what is purported to be an informal claim. I understand that, Your Honor. The use of the term reopen in both the title and in A makes no sense unless you're reading this regulation in that context. Because if that were the case, by the very nature of it being a reopened claim, this regulation could never apply to reopened claims. So my suggestion is that the VA could not possibly have written a regulation to exclude. Well, I think that question has been answered. People have speculated in previous cases and so forth that the reopened language is kind of a misnomer and comes from an older process. No, Your Honor. That reference is limited to the second phrase, which is a claim for compensation that's disallowed by reason of non-compensability. That's the prior reference to the use of reopening. Reopening is and has always been a term of art when you reopen something that has been previously decided. Can I go back just before your time runs out to the point you were making? So you're reading on the time frame here. You're saying if you get service connection 10 years after you've gotten this medical exam, but since you have service connection, so at the time you get service connection, you're allowed to go back and say it. But the language of the regulation says it will be accepted as an informal claim. That's right. An informal claim to reopen the claim that was originally denied. But if it will be re-accepted as an informal claim, that suggests to me, at least temporarily, that something is accepted as informal claim at the time. Like you would say the informal claim was filed in, what, 1989? Right. Right? Yes. So it either was going to be accepted as an informal claim in 1989 or it isn't. No, Your Honor. It cannot be accepted as an informal claim in 1989 until there is an allowance of this claim. There has to be an allowance. This is an effective date regulation. You don't apply effective date until there's a grant of the benefit. The benefit was not granted until the 2002 claim was eventually favorably adjudicated, and they gave the effective date as the date of that reopening. You can't use the 1989 informal claim until you have the event, which is the formal claim for compensation has been allowed. It's the only way that you can read reopening to make sense. The VA, when they wrote this regulation, clearly intended it to apply to two types of circumstances. Claim for increase and a claim to reopen. And now they're trying to disavow that applies to reopening because, as the court said below, there's confusing language here in B. But there's no confusing language in the title or in A. It refers to reopen. This regulation must be read to effectuate the regulatory intent, which is to permit the very special circumstance of allowing an earlier effective date based upon a VA medical record. The facts of this case were that in 1982, the VA examiner said that Mr. Gilmore did not have post-traumatic stress disorder. In 1989, a VA doctor said he did. Mr. Gilmore did not know that he could submit that as new and material evidence, or obviously he would have. That didn't happen until 2002 when he submitted his claim to reopen. This is a protective regulation that permits the veteran to get an earlier effective date, notwithstanding the fact that he would normally be excluded from that, if you're relying upon VA medical records, which creates such an informal claim. In this case, this panel does not have to decide how it is to be applied, but merely that it must be applied. Mr. Gilmore argued below that the board erred by not considering and applying it. The court below said they didn't have to. That is legally incorrect. I see that I'm just at my air bottle time, unless there's any further questions. Thank you. Ms. Burke? May it please the court, the question in this case is whether a claim that has not been service-connected falls under the regulation section 157B. That's precisely the question that the court addressed in McPhee. The fact that the claim here is of a different nature makes no difference, because the question is whether the claim has already been service-connected, and we know, of course, that it has not. Responding just briefly to what I think is a new argument raised by Mr. Gilmore this morning, under this new reading, section 157B would make absolutely no sense, and I think that the reading puts the cart before the horse. The regulation states that once a formal claim for compensation has been allowed, and I'm skipping a little bit down, receipt of one of the following will be accepted as an informal claim for increase or an informal claim to reopen. Once Mr. Gilmore's claim was allowed in 2002, he received the compensation that he was looking for. There's no more increase that he can get. The reading makes absolutely no sense except to give... Let me just explore that with you. As I understand what Mr. Carpenter is proposing as the reading, all that would mean was that when it says will be accepted, it doesn't exclude acceptance retroactively. Well, under the reading, it doesn't exclude acceptance retroactively, except if it were to accept such a thing retroactively, it would plainly violate the statute, and I think that's where the reading gets into trouble. The effective date for a claim to reopen, according to the statute, has to be no earlier. The receipt of the claim or the date of the evidence, whichever is later. So I don't think that he can get around that, and I think that his reading of the regulation can't get around the effective date statute, it can't get around the statute regarding finality, and it can't get around the statute regarding what a claim has to be. A claim has to be specific. The regulations then define that to mean that it has to identify the benefits sought. A medical examination, freestanding, absent service connection identifies no benefit sought, and when viewed in that light, it puts the regulation into context. If you view this regulation as applying only to claims for increase, in other words, applying to claims that exist as a result of service connection already having been established, then the whole regulation makes sense, regardless of the anachronisms that may be present with regard to the use of the word reopen. There are only two ways, as this court has repeatedly held, there are only two ways that the finality of a board decision can be overcome, and that is in a claim for a clear and unmistakable evidence, or a claim to reopen raising new and material evidence. Obviously, we have the second here. Counsel, how do we reconcile the title and the language in A with B? Well, the title says no more than what's already in B. I mean, it uses the term reopen, and we've conceded that the term reopen over the past 40 years has meant a variety of things. So I don't think that there's anything more troubling about the use of the word reopen in the title than there is in the use of reopen in B. As for A, there's nothing troubling in A whatsoever. I mean, A sets up the parameters under which the regulation is going to be effective, and the regulation is not going to be effective unless the application meets the requirements. That's what A says. It has to meet the requirements set forth in B. The requirements set forth in B are two. A formal claim has to have been allowed, or a formal claim has to have been disallowed for the reason that it's non-compensable. Essentially, somebody has to have been granted service connection but been given a 0% rating, and we have neither of those prerequisites here. So, I mean, even if Mr. Gilmour could have his interpretation of reopen, he still can't get past the prerequisites in the first clause of B because we simply do not have a formal claim that's been allowed or a formal claim that's been disallowed but rated non-compensable. We do have a formal claim that's been allowed, just not prior to, right? I mean, there has at this point been a claim that has been allowed. It's sort of when in the timeline. That's the whole issue, right? Well, that's correct, and I think that gets to what Mr. Gilmour's counsel was raising this morning. I suppose that there is a way to read it that way, but it would, as I said before, completely violate the statute on effective dates. I mean, there's no way to read it without assigning an effective date prior to the date of the claim, and 5110 says that the effective date is either the date of the claim or the date of entitlement, whichever is later, not whichever is earlier. How would you like us to interpret the word reopen in B? I think the only way that you can interpret the word reopen and give meaning to the entire regulation is to recognize that reopen, at the time that the regulation was written, meant a variety of things, including a decision that was granted for service connection but denied a compensable rating. If you view the word reopen to mean sort of a broad umbrella of things, which is, of course, not what it means now, but that is a way to give meaning to that word in the sentence. I don't think that the court needs to get there, and the reason is because Mr. Gilmour doesn't satisfy the first threshold, and if he doesn't satisfy the first threshold, then it doesn't really matter whether reopen means what it used to mean or means something new or means something limited. By first threshold, you mean that there was no service connection? That's correct. That's correct, and I mean, if there's any heartburn about that, you can go to the end of section B1, where it clarifies that the provisions of this paragraph apply only when such reports relate to examination or treatment of a disability for which service connection has been granted. So it works in tandem. I mean, really, there are two outcomes to this. There are three outcomes to this case. First, you can obviously affirm what the Veterans Court judgment. There are two other interpretations that you can give it. You can give it the interpretation that Mr. Gilmour suggests, which would plainly violate the statute, or you could say that the regulation makes no sense at all. That would be taking away what is right now a particularly generous provision for veterans. Absent this regulation, a veteran who wants to make a claim for increase now has to file an actual claim and can't just submit a medical examination report and use that as a claim. And that would be a particularly unfortunate result. But the Veterans Administration has another option, which we don't have, right, which is to fix the regulation. That's correct. And the VA is certainly on notice of the problem if not only It has for a long time, right? I mean, this isn't the first time that this has sort of crept up on people when they try to construe the regulation. That's correct. The concurring opinion to which Mr. Gilmour's counsel made reference in the beginning in the Sears decision admits that the regulation is confusing and suggests a rewrite. And that was when? 2003? 2002, I think. But since then, this court has reviewed the regulation in McPhee and at least with respect to the decision, found nothing confusing about it for purposes of the question of whether a claim that has not been surface-connected falls within the parameters of the regulation. For these reasons, we respectfully request that the court affirm the judgment of the Veterans Court. Thank you. Thank you. The government's argument that this interpretation ignores the question of finality ignores its own regulation at 3.15. Let me ask you before you get into that. You didn't mention anything about the inconsistency she sees in your interpretation and the statute as opposed to the regulation. How do you respond to that? Well, Your Honor, the statute does contemplate this in two ways. It contemplates it because the statute says that the decision on effective date in all four categories, which includes increase and reopening, will be based upon the facts found. And the facts found in this case are that there were relevant VA medical records that weren't considered in the time frame from 1982 to 2002. This regulation requires consideration for that. The comparison to that is the preceding regulation at 3.156C for the use of supplemental service department records, which this court acknowledged in its Sears opinion was an exception to finality and was consistent with the Secretary's regulatory authority to interpret the statute to create an exception when there weren't service department records considered at the time of the original decision, and in this case, where there were subsequent VA medical records. Now, what the VA is really asking you to do is to accept this vague notion of reopening means a variety of things. Well, frankly, Your Honor, a reopening meaning a variety of things means reopening means nothing. Because if you find, as has been urged by the government, that reopening means a variety of things, then reopening doesn't mean what it means in 5108, and it doesn't mean what happened in Mr. Gilmour's case, that he successfully reopened and then is permitted to rely upon VA medical records that were in the possession of the VA to support an earlier effective date. Just to go back to what may have been a follow-on to Judge Mayer's comment, it's still unclear how you reconcile this with 5110, which says it's not earlier than the date of the receipt of the application, and the regs say date of entitlement is the date of receipt of the claim or the date of entitlement, whichever is later, and it seems like your interpretation of this reg would blow a big hole into that. No, Your Honor, because this regulation expressly provides that the date of the claim shall be under this regulation the date of the VA medical record. It expressly... So you're suggesting that claim here in 5110 would then have to be interpreted to not what I think every case has said it was, which is this formal claim to include informal claims. No, Your Honor. I think it has to be interpreted in the context of effective date only after there is an award because this is the interpretation of 5110A, that statute that deals with effective date as interpreted by the VA, and that interpretation, no matter how confusing and otherwise bewildering, includes reopening. If it includes reopening... What the government is asking you to do is read out reopening. Instead of reopening means a variety of things, the translation is reopening means nothing, and as I thought I heard the government say, this regulation really only applies to increased claims, and this regulation doesn't just apply to increased claims. It applies to claims to reopen, and in order to do that you have to accept the government's notion that a variety of things, a variety of meanings for reopening does not include precisely what happened here, which is that there was a grant, as was contemplated, there was an allowance, and then there were VA medical records that would be allowed, would be permitted under this regulation to be considered for the purposes of assigning an effective date. As of the time they were created. As of the time they were created, as contemplated by the plain language of the regulation. Thank you very much. All right, the case is submitted.